## LOCKERY v. O'DONNELL.

**Land — Prior Possession.**

    The land in controversy contains five acres, which is covered by a patent for 2,000 acres to Levin Powell, under whom both parties claim title, and which lands the deeds of both parties cover.

    Appellant claimed under the older deed from the patentee, and he and those under whom he claimed took possession of and had resided on this tract of land outside of the interference prior to the entry of appellee and his vendors on the other tract, claiming to be possessed to the extent of the boundary of his deed and with the intention of taking possession of the whole tract, including the part within the inter-ference, which was, until a few years past, woodland and unenclosed. *Held,* that such entry upon the part of the appellant and his vendors vested him with the possession to the full extent of the boundary of his deed, and the subsequent entry of the appellee and his vendors on the other tract could not, and did not, divest him of his possession.

    Deeds and title papers may be read as evidence to show extent of possession, although they convey no legal title.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 29, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

This proceeding for a forcible entry and detainer was instituted by appellee against appellant, to recover the possession of two small pieces of land; upon the trial in the country appellee suc-ceeded; appellant traversed the finding. On the trial in the court below the inquisition was sustained, and judgment of restitution rendered against him, from which he has appealed.

It appears from the evidence that a part of the land in con-troversy is a fractional part of five acres, described as a "five-acre slip," which is covered by a patent for 2,000 acres of Levin Powell, under whom both parties claim that five-acre slip, and which the evidence conduces to show is covered by the deeds of

both the parties; the other small piece is covered by Moore's patent, and outside of Powell.

The evidence further conduces to show that appellant claims under the elder deed from the patentee, and that he and those under whom he claimed took possession of and had resided upon his tract outside of the interference prior to the entry of appellee and his vendors on the other tract, claiming to be possessed to the extent of the boundary of their deeds, and with the intention of taking possession of the whole tract, including that part within the interference, which was, until within a few years passed, woodland, and with the exception of a small part recently enclosed by appellant, unenclosed.

Such entry on the part of appellant and his vendors vested in him the possession to the full extent of the boundary of his deed, and the subsequent entry of the appellee and his vendors on the other tract, and occasional going upon and cutting and carrying away the timber from the land within the interference, could not, and did not, divest him of his possession.

Instruction No. 5 asked by appellant was designed to embrace this proposition; but was refused by the court, and, we think, improperly refused.

We are furthermore of opinion that appellant should have been permitted to read the title papers offered by him for the purpose of showing the extent of his possession.

In regard to the other piece of land, the law was correctly expounded in instruction No. 4 asked for by appellant and given by the court.

As to the instructions asked for by appellee, no objections were made to them at the time they were asked; and even if erroneous the errors must be regarded as waived, and this court cannot regard them.

But for the errors indicated the judgment is reversed, and the cause remanded, with directions to award a new trial, and for further proceedings consistent herewith.